UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

Zev Ostreicher

                          Plaintiff,                                 Index No: 7:19-cv-8174

                          -against-                             Demand for Trial by Jury

Equifax Information Services, LLC,
Transunion, LLC.,
Discover Bank,
American Express Company,
Bank of America, N.A.,
TBF Financial, LLC.

                          Defendant(s).

-----------------------------------------------------------------------x

## COMPLAINT

       Plaintiff Zev Ostreicher ("Plaintiff"), by and through his attorneys, and as for his

Complaint against Defendant Equifax Information Services, LLC ("Equifax"), Defendant

Transunion, LLC ("Transunion"), Defendant Discover Bank ("Discover"), Defendant American

Express Company ("Amex"), Defendant Bank of America ("BOA") and Defendant TBF

Financial, LLC ("TBF"), respectfully sets forth, complains, and alleges, upon information and

belief, the following:

## JURISDICTION AND VENUE

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15

     U.S.C. § 1681p *et seq.*

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendant's transact business here.

3. Plaintiff brings this action for damages arising from the Defendants violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff also brings this action for damages arising from the Defendants who are debt collectors (TBF), violations of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Rockland, residing at 77 Union Rd. Spring Valley, NY 10977.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of New York, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY, 12207.

8. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers

for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Transunion is a limited liability company and may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 80 State Street, Albany, NY, 12207.

11. At all times material here to Defendant Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

12. At all times material hereto, Defendant Transunion disbursed such consumer reports to third parties under a contract for monetary compensation

13. Defendant Discover Bank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service c/o CT Corporation, its registered agent for service of process at 28 Liberty Street, Floor 42, New York, NY, 10005.

14. Defendant American Express Company is a bank as well as a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at for service in New York c/o CT Corporation System, 28 Liberty Street, NY, NY, 10011.

15. Defendant Bank of America, N.A. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service in New York c/o CT Corporation, at 28 Liberty Street, Floor 42, New York, NY, 10005.

16. Defendant TBF Financial, LLC. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 740 Waukegan Rd. Suite #404 Deerfield, IL 60015.

17. Defendant TBF is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

18. Defendant TBF was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.


## FACTUAL ALLEGATIONS

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Discover Bank Dispute and Violation

20. On information and belief, on a date better known to Defendants Equifax and Trans Union, (hereinafter "the Bureaus") the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his Discover Bank credit card account.

21. The inaccurate information furnished by Defendant Discover and published by the Defendant Bureaus is inaccurate since the report reflects both an incorrect account balance as well as the date of last payment.

22. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

23. Plaintiff notified the Bureaus that he disputed the accuracy of the information being reporting, with separate dispute letters sent on or around March 5, 2019.

24. It is believed and therefore averred that Defendant Bureaus notified Defendant Discover of the Plaintiff's disputes.

25. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, Discover failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of the Plaintiff with respect to the disputed account.

26. Furthermore, Discover failed to mark the account as disputed despite receiving notice of the Plaintiff's dispute.

27. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

28. As of the date of the filing of this Complaint, Defendant Discover continues to furnish credit data which is inaccurate and materially misleading, and Defendants Trans Union and Equifax reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

29. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

30. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

### AMEX Dispute and Violation

31. On information and belief, on a date better known to Defendants Equifax and Trans Union, (hereinafter "the Bureaus") the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his AMEX account.

32. The inaccurate information furnished by Defendant AMEX and published by the Defendant Bureaus is inaccurate since the report reflects an incorrect account balance.

33. Specifically, the account is charged off, yet lists a past due balance of $1,155 which contradicts the balance amount of $3,655.

34. An account that is charged should either have a past due balance of zero or equal to the total balance, but not a distinct number causing it to appear that this account is a current monthly liability.

35. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

36. Plaintiff notified the Bureaus that he disputed the accuracy of the information Equifax and Trans Union was reporting, in sperate dispute letters sent directly the Bureaus on or around March 5, 2019.

37. It is believed and therefore averred that the Bureaus notified Defendant AMEX of the Plaintiff's disputes.

38. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, AMEX failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of the Plaintiff with respect to the disputed account, including the contradictory balances being reported.

39. Furthermore, AMEX failed to mark the account as disputed despite receiving notice of the Plaintiff's dispute.

40. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

41. As of the date of the filing of this Complaint, Defendant AMEX continues to furnish credit data which is inaccurate and materially misleading, and Defendant Equifax and Trans Union reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

42. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

43. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

**<u>Bank of America Dispute and Violation</u>**

44. On information and belief, on a date better known to Defendants Equifax and Trans Union, (hereinafter "the Bureaus") the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his Bank of America credit card account.

45. The inaccurate information furnished by Defendant BOA and published by Defendant Bureaus is inaccurate since the report reflects an incorrect account balance, closed date and last payment date.

46. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

47. Plaintiff notified the Bureaus that he disputed the accuracy of the information Equifax and Trans Union were reporting, with separate dispute letters sent directly to the Bureaus on or around March 5, 2019.

48. It is believed and therefore averred that the Bureaus notified Defendant BOA of the Plaintiff's disputes.

49. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, BOA failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of the Plaintiff with respect to the disputed account.

50. Furthermore, BOA failed to mark the account as disputed despite receiving notice of the Plaintiff's disputes.

51. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, the Bureaus did not evaluate or consider

any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

52. As of the date of the filing of this Complaint, Defendant BOA continues to furnish credit data which is inaccurate and materially misleading, and Defendants Trans Union and Equifax reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

53. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

54. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

**TBF Dispute and Violation**

55. On information and belief, on a date better known to Defendants Equifax and Trans Union, (hereinafter "the Bureaus") the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to a collection account owned and being reported by TBF Financial.

56. The inaccurate information furnished by Defendant TBF and published by the Bureaus is inaccurate since the Plaintiff believes it is not his personal liability.

57. Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

58. Plaintiff notified the Bureaus that he disputed the accuracy of the information Equifax and Trans Union was reporting, with separate dispute letters sent directly to the Bureaus on or around March 5, 2019.

59. It is believed and therefore averred that Defendants Equifax and Trans Union notified Defendant TBF of Plaintiff's dispute.

60. Upon receipt of the dispute of the account from the Plaintiff by Equifax, TBF failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

61. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

62. As of the date of the filing of the filing of the original Complaint, Defendant TBF continued to furnish credit data which is inaccurate and materially misleading, and the Bureaus reporting of the above-referenced trade line continued to be inaccurate and materially misleading.

63. Additionally, the Defendant TBF failed to mark the account in question with a disputed notation as required under the law and re-reported the account with this omission.

64. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

65. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

67. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

68. Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

69. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

70. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

71. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and or Jury pursuant to 15 U.S.C. § 1681(n).

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Zev Ostreicher, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

74. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

75. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

76. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

77. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

78. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

79. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Zev Ostreicher, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION

**(Willful Violation of the FCRA as to Transunion)**

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

81. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

82. Transunion violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

83. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)  The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

84. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

85. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and or Jury pursuant to 15 U.S.C. § 1681(n).

86. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Zev Ostreicher, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Transunion)

87. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

88. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

89. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

90. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

91. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

92. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

93. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Zev Ostreicher, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **FIFTH CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Discover)**

94. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

95. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

96. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

97. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

98. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as listed above must report the results to other agencies which were supplied such information.

99. The Defendant Discover violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

100.    Specifically, Discover continued to report this account on the Plaintiff's credit report after being notified of his disputes regarding the incorrect balance as well as the date of last payment.

101.    Additionally, Discover failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

102.    As a result of the conduct, action and inaction of the Defendant Discover, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

103.    The conduct, action and inaction of Defendant Discover was willful, rendering Defendant Discover liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

104.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Zev Ostreicher, an individual, demands judgment in his favor against Defendant, Discover, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Discover)

105.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

106.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

107.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

108.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

109.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

110.     Defendant Discover is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

111.     After receiving the Dispute Notices from Equifax and Transunion, Defendant Discover negligently failed to conduct its reinvestigation in good faith.

112.     A reasonable investigation would require a furnisher such as Defendant Discover to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

113.     Additionally, the Defendant Discover failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

114.     The conduct, action and inaction of Defendant Discover was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

115.    As a result of the conduct, action and inaction of the Defendant Discover, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

116.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Zev Ostreicher, an individual, demands judgment in his favor against Defendant, Discover, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SEVENTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to AMEX)

117.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

118.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

119.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

120.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

121.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as listed above must report the results to other agencies which were supplied such information.

122.     The Defendant AMEX violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

123.     Specifically, AMEX continued to report this account on the Plaintiff's credit report after being notified of his disputes regarding the conflicting balances of past due and account balance.

124.     Additionally, the AMEX failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

125.     As a result of the conduct, action and inaction of the Defendant AMEX, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

126.     The conduct, action and inaction of Defendant AMEX was willful, rendering Defendant AMEX liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

127.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant AMEX in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Zev Ostreicher, an individual, demands judgment in his favor against Defendant, AMEX, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### EIGHTH CAUSE OF ACTION

#### (Negligent Violation of the FCRA as to AMEX)

128.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

129.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

130.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

131.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

132.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

133.     Defendant AMEX is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

134.     After receiving the Dispute Notices from Equifax and Transunion, Defendant AMEX negligently failed to conduct its reinvestigation in good faith.

135.     A reasonable investigation would require a furnisher such as Defendant AMEX to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

136.     Additionally, the Defendant AMEX failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

137.     The conduct, action and inaction of Defendant AMEX was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

138.     As a result of the conduct, action and inaction of the Defendant AMEX, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

139.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant AMEX in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Zev Ostreicher, an individual, demands judgment in his favor against Defendant, AMEX, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## NINTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to BOA)

140.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

141.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

142.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

143.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

144.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as listed above must report the results to other agencies which were supplied such information.

145.     The Defendant BOA violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

146.     Specifically, BOA continued to report this account on the Plaintiff's credit report after being notified of his disputes regarding the incorrect account balance, closed date and last payment date.

147.     Additionally, the BOA failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

148.     As a result of the conduct, action and inaction of the Defendant BOA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

149.     The conduct, action and inaction of Defendant BOA was willful, rendering Defendant BOA liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

150.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant BOA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Zev Ostreicher, an individual, demands judgment in his favor against Defendant, BOA, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **TENTH CAUSE OF ACTION**
### **(Negligent Violation of the FCRA as to BOA)**

151.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

152.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

153.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

154.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of a dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

155.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

156.     Defendant BOA is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

157.     After receiving the Dispute Notices from Equifax and Transunion, Defendant BOA negligently failed to conduct its reinvestigation in good faith.

158.     A reasonable investigation would require a furnisher such as Defendant BOA to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

159.     Additionally, the Defendant BOA failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

160.     The conduct, action and inaction of Defendant BOA was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

161.     As a result of the conduct, action and inaction of the Defendant BOA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

162.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant BOA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Zev Ostreicher, an individual, demands judgment in his favor against Defendant, BOA, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### ELEVENTH CAUSE OF ACTION

**(Willful Violation of the FCRA as to TBF)**

163.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

164.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

165.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

166.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

167.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as listed above must report the results to other agencies which were supplied such information.

168.    The Defendant TBF violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

169.    Specifically, TBF continued to report this account on the Plaintiff's credit report after being notified of his disputes that this account was not his personal liability.

170.    Additionally, the TBF failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

171.    As a result of the conduct, action and inaction of the Defendant TBF, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

172.    The conduct, action and inaction of Defendant TBF was willful, rendering Defendant TBF liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

173.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant TBF in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Zev Ostreicher, an individual, demands judgment in his favor against Defendant, TBF, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **TWELVTH CAUSE OF ACTION**

### **(Negligent Violation of the FCRA as to TBF)**

174.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

175.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

176.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

177.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

178.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

179.	Defendant TBF is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

180.	After receiving the Dispute Notices from Equifax and Transunion, Defendant TBF negligently failed to conduct its reinvestigation in good faith.

181.	A reasonable investigation would require a furnisher such as Defendant TBF to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

182.	Additionally, the Defendant TBF failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

183.	The conduct, action and inaction of Defendant TBF was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

184.	As a result of the conduct, action and inaction of the Defendant TBF, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

185.	The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant TBF in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Zev Ostreicher, an individual, demands judgment in his favor against Defendant, TBF, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## THIRTEENTH CAUSE OF ACTION
### (Violations of the FDCPA as to TBF)

186.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

187.    Defendant's improper credit reporting and failure to mark the account as disputed, after receiving the dispute notice is a violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8), 1692(10), and 1692f.

188.    As a result of the Defendant's violations of the FDCPA, Plaintiff have been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

189.    Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each applicable Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)   For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)  For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

g)  For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

h)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3); 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

i)  For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  Hackensack, New Jersey
            September 2, 2019

/s/ David Force
**Stein Saks, PLLC**
By:  David Force
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 107
Fax: (201)-282-6501
dforce@steinsakslegal.com